People v Feliciano (2020 NY Slip Op 03983)





People v Feliciano


2020 NY Slip Op 03983


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Gische, J.P., Kapnick, Webber, Kern, González, JJ.


11821 1391/16

[*1] The People of the State of New York, Respondent,
v
Phillip Santo Feliciano, Defendant-Appellant.


Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered February 28, 2018, convicting defendant, after a jury trial, of course of sexual conduct against a child in the second degree, and sentencing him to a term of three years, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Evidence elicited of defendant's conduct in subjecting the young victim to repeated unwanted touching of her intimate parts clearly warranted the inference that he was acting for purposes of sexual gratification (Penal Law § 130.00[3]).
Defendant did not preserve his challenges to the prosecutor's summation and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK